UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DERRICK ARMSTRONG, and** § <br> **ERNEST SANCHEZ** § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **ENERGY FIRST ENGINEERING** § <br> **& CONSULTING, LLC, and** § <br> **SANCHEZ OIL & GAS CORPORATION** § <br> § <br> **Defendants** § | Civil Action No. 5:19-cv-00056 <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND JURY DEMAND

COME NOW Plaintiffs Derrick Armstrong and Ernest Sanchez, by and through their undersigned attorney of record, and sue Defendants Energy First Engineering & Consulting, LLC (hereinafter sometimes referred to as "Energy First"), and Sanchez Oil & Gas Corporation (hereinafter sometimes referred to as "Sanchez O&G"), and in support thereof would show unto this Honorable Court as follows:

### I.   PRELIMINARY STATEMENT

1.1.   Plaintiffs bring this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2.   During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiffs for each hour worked at an hourly rate no less than minimum wage and for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1

## II.     JURISDICTION AND VENUE

2.1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.2.    Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391 because Defendant Energy First is a resident of this District, and because a substantial part of the events giving rise to the claims occurred in this District.

## III.    PARTIES

3.1.    Plaintiff Derrick Armstrong is an individual residing in Kleberg County, Texas.

3.2.    Plaintiff Ernest Sanchez is an individual residing in Bexar County, Texas.

3.3.    Defendant Energy First Engineering & Consulting, LLC, is a domestic limited liability company doing business in the State of Texas and maintains its principal office in San Antonio, Texas.  Defendant can be served with process by serving its registered agent for service of process, James W. Colvin, 1128 County Road 365, Uvalde, Texas 78801.

3.4.    Defendant Sanchez Oil & Gas Corporation is a foreign corporation doing business in the State of Texas and maintains its principal office in Houston, Texas.  Defendant can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## IV.    FLSA COVERAGE

4.1.    At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs.

4.2.    At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. At all times hereinafter mentioned, Plaintiffs were each an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.   FACTS

5.1. Sanchez O&G is engaged in the business of oil and gas exploration and recovery.

5.2. Energy First is an oil and gas staffing company that provides personnel categorized as supervisors, consultants, or helpers to Sanchez O&G to assist at the well site with its oil and gas exploration and recovery.

5.3. Plaintiffs were each employed by Defendants as well site workers.

5.4. From the date three years prior to the filing of this Complaint forward, Defendants have misclassified Plaintiffs as independent contractors and have failed to pay them overtime compensation at a one and one-half times their regular hourly rate for all hours worked over forty in a workweek ("overtime hours").

5.5. Plaintiffs were paid a flat rate for each day worked regardless of the number of hours worked.

5.6. Defendants exercised control over Plaintiffs in that, among other things, Defendants dictated when they would work, where they would work, and how they would perform their work.

5.7. Plaintiffs made little, if any, investment into the business of Defendants. Defendants provided the tools and equipment to be used.

5.8. Plaintiffs' opportunity for profit or loss was controlled exclusively by Defendants in that Defendants set their rates and controlled their hours worked.

5.9. The work performed by Plaintiffs was common in the industry and required no specialized or extraordinary skill or initiative.

5.10. The relationship between Defendants and Plaintiffs was permanent in nature in that it endured for extended periods of time and they performed work exclusively for Defendants during those times.

5.11. Plaintiffs performed their jobs under Defendants' supervision, and using materials and technology approved and supplied by Defendants.

5.12. Plaintiffs were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

5.13. At the end of each pay period, Plaintiffs received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

5.14. Defendants paid Plaintiffs a day rate.

5.15. Plaintiffs worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

5.16. When Plaintiffs worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for these overtime hours.

5.17. Defendants misclassified Plaintiffs as independent contractors to avoid the overtime requirements of the FLSA.

5.18. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

5.19. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

## VI.   VIOLATIONS OF 29 U.S.C. § 207

6.1. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

6.2. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.3. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.4. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

6.5. Plaintiffs seek and are entitled to an award of liquidated damages in an amount equal to Plaintiffs' unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

6.6. Plaintiffs also seek compensation for expenses and costs of court that will be incurred in this action. Plaintiffs are also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VII.   JURY DEMAND

7.1. Plaintiffs hereby request a trial by jury.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

a. Judgment against Defendants in the amount of Plaintiffs' unpaid back wages at the applicable overtime rates;

b. An additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. A finding that Defendants' violations of the FLSA were willful and in bad faith;

d.  All reasonable costs and attorneys' fees pursuant to pursuant to 29 U.S.C. § 216(b);

e. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post judgment interest as provided by law;

f. Defendants be deemed liable jointly and severally; and

g. All further relief as the Court deems just and equitable.

DATED this 21st day of January, 2019.

Respectfully submitted:

**LEICHTER LAW FIRM, PC**

By: */s/ David G. Langenfeld*
    David G. Langenfeld
    Attorney-in-Charge
    State Bar No. 11911325
    1602 East 7th Street
    Austin, TX  78702

Tel.:  (512) 495-9995  
Fax:   (512) 482-0164  
Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFFS**